**UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA**

UNITED STATES OF AMERICA,

        Plaintiff,

        v.

MOHAMMED HONARI,
MARK CANLAS CUYUGAN,
EDGAR VELASCO SAMSON,
MARLON ECHON MELU,
REYMUND DE LOS SANTOS BALUYUT,
JORGE SAENZ DE TEJADA,
FELIPE AGAPITO GATCHALIAN RAAGAS,
FERNANDO RAMIREZ, JR.,
DARREN EUGENE VADEN and
DALE VADEN

        Defendants.

Case No. 2:19-cr-00300-JCM-EJY

**Supplemental Protective Order**

Based upon the Stipulation of counsel, and for good cause shown, it is hereby ORDERED as follows:

1.    The parties, including Plaintiff, the United States of America, and Defendants Edgar Velasco Samson, Darren Eugene Vaden and Felipe Agapito Gatchalian Raagas (hereinafter each a "Participating Party," and collectively, the "Participating Parties"), request for a Protective Order (ECF No. 100) is GRANTED.

2.    An indictment was returned by the grand jury on November 13, 2019, charging each of the named defendants with one count of conspiracy to commit bank fraud, in violation of Title 18, United States Code, Section 1349, and fifteen counts of bank fraud, in violation of Title 18, United States Code, Section 1344. (ECF No. 1.)

3.    Upon the appointment of all defense counsel, the Government desires and

1    intends to produce discovery as soon as possible.

2         4.    The indictment in this case alleges a criminal conspiracy and scheme and plan

3    to defraud various financial institutions by obtaining loans for the purchase of automobiles

4    and credit cards with no intent to repay the loans or credit cards. The indictment alleges that,

5    as part of the scheme, defendants submitted their personal identifying information to the

6    financial institutions in order to obtain the loans and credit cards. The indictment further

7    alleges that, at times, the defendants submitted or caused to be submitted personal identifying

8    information of third parties whose information was also used in the scheme. The discovery

9    is voluminous in this case and involves thousands of pages of records obtained from the

10   financial institutions. The discovery includes, but is not limited to, the defendants, as well as

11   some third parties, personal identifying information and financial records (the "Protected

12   Information"). The "Protected Information" is subject to this protective order.

13        5.    This order is necessary as the dissemination of the "Protected Information,"

14   could endanger the privacy and financial information of the third parties, as well as the

15   various defendants.

16        6.    In order to protect the privacy of the third parties and the Participating Parties,

17   the Participating Parties intend to restrict access to the following individuals: the

18   Participating Parties, their attorneys, and any personnel that the attorneys for all parties

19   consider necessary to assist in performing those attorneys' duties in the prosecution or

20   defense of this case, including investigators, paralegals, retained experts, support staff, and

21   any other individuals specifically authorized by the Court (collectively, the "Covered

22   Individuals").

23        7.    The Covered Individuals shall be advised of the Protective Order, and as such

24

without leave of Court, the Covered Individuals shall not:

a.     make copies for, or allow copies of any kind to be made by any other person of the "Protected Information" in this case;

b.     allow any other person to read, listen, or otherwise review the "Protected Information" in this case;

c.     use the "Protected Information" for any other purpose other than preparing to defend against or prosecute the charges in the indictment or any further superseding indictment arising out of this case; or

d.     attach any "Protected Information" to any of the pleadings, briefs, or other court filings except to the extent those pleadings, briefs, or filings are filed under seal or properly compliant with LR IC 6-1.

8.     Nothing in this stipulation is intended to restrict the Participating Parties' use or introduction of the "Protected Information" as evidence at trial or support in motion practice. Nothing in this Protective Order is intended to bar or otherwise restrict counsel from rendering advice to his or her client with respect to the charges in the Indictment.

9.     The Participating Parties shall inform any person to whom disclosure may be made pursuant to this order of the existence and terms of this Court's order.

10.     In the event of an inadvertent disclosure of the Protected Information, the Participating Party making or learning of the inadvertent disclosure will immediately:

a.   Notify the person to whom the disclosure was made that it contains Protected Information subject to a Protective Order;

b.   Make all reasonable efforts to preclude dissemination or use of the Protected Information by the person to whom disclosure was inadvertently made;

<ol start="3" type="a">
<li style="list-style-type: none;">

    c.   Notify the Government and other parties of the identity of the person to whom the disclosure was made, the circumstances surrounding the disclosure, and the steps taken to ensure against further dissemination or use of the information; and

    d.   Notify the Court in writing under seal.
</li>
</ol>

11.    A protective order with the same terms was previously agreed to and entered by the Court for defendants Mohammed Honari, Mark Canlas Cuyugan, Marlon Echon Melu, Reymund de los Santos Baluyut, Jorge Saenz de Tejada, Fernando Ramirez, Jr., and Dale Vaden. (EFC 95.) The supplemental protective order is entered to apply the same terms to defendants Edgar Velasco Samson, Darren Eugene Vaden and Felipe Agapito Gatchalian Raagas. The Protective Order previously entered shall remain in full effect.

**IT IS SO ORDERED:**

_____
HON. ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE


DATED: _____January 9, 2020_____